IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW NOBLE                                                 PLAINTIFF

v.                             CIVIL NO. 16-5009

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                              DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Matthew Noble, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed his current application for DIB on May 24, 2012, alleging an inability to work since December 31, 2007, due to dilated cardiomyopathy and congestive heart failure. (Doc. 10, pp. 154, 182). For DIB purposes, Plaintiff maintained insured status through June 30, 2008. (Doc. 10, p. 157). An administrative video hearing was held on May 12, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 28-55).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated August 8, 2014, the ALJ found that it is unclear whether Plaintiff engaged in substantial gainful activity so the ALJ moved to the next step of the five-step evaluation. (Doc. 10, p. 19). The ALJ found that through the date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10, p. 18). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: hypertension and cardiomyopathy. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 19). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 20 pounds occasionally, 10 pounds frequently, push and/or pull within those limitations, stand and/or walk six hours in an eight-hour workday with normal breaks and sit six hours in an eight-hour workday with normal breaks.

(Doc. 10, p. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a roller machine operator and a telephone sales representative. (Doc. 10, pp. 21-22)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 16, 2015. (Doc. 10, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ committed reversible error in failing to accord appropriate weight to Plaintiff's treating cardiologist's retrospective opinion concerning the onset of his disability; and 2) the ALJ committed reversible error in failing to call upon the services of a medical expert to determine the onset date of disability.

#### A.   Insured Status and Relevant Time Period:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2008. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of December 31, 2007, his alleged onset date of disability, through June 30, 2008, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B. Onset Date:

Plaintiff argues the ALJ erred in determining Plaintiff's alleged onset date. In support of this argument, Plaintiff points to a letter dated April 16, 2014, wherein Plaintiff's treating cardiologist opined that Plaintiff was unable to work in 2007-2008. (Doc. 10, p. 836).

In determining the date of onset of a disability, the ALJ should consider Plaintiff's alleged date of onset, his work history, and the medical and other evidence of the condition. Grebenick v. Chater, 121 F.3d 1193, 1200 (8th Cir. 1997); SSR 83–20. The ALJ should obtain an expert opinion from a medical advisor to determine a medically reasonable date of onset if the medical evidence regarding onset is ambiguous. Id. at 1200–01. The ALJ did not err in failing to obtain an expert on the matter where the evidence was unambiguous since the ALJ considered several factors including the lack of medical treatment for an extended period after the alleged disability onset date and the ALJ's finding that the individual was not particularly credible. Karlix v. Barnhart, 457 F.3d 742, 747 (8th Cir. 2006). After reviewing the record as a whole, the Court finds substantial evidence supporting the onset date determined by the ALJ.

5

### C.     Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that on February 15, 2011, well after the expiration of his insured status, Plaintiff sought treatment in the emergency room for an abscess. (Doc. 10, pp. 389-405). At that time, Plaintiff reported that he did not have a primary care physician and was not taking any medication. Plaintiff did not complain of any cardiac problems at this visit, and an examination of Plaintiff did not reveal any cardiac problems. Treatment notes indicated that Plaintiff was able to ambulate independently and that he could perform all activities of daily living without assistance. After reviewing the record as a whole, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible for the time period in question.

**D.     The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

When determining RFC, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work prior to the expiration of his insured status. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

With respect to the 2014 letter from Dr. Green opining that Plaintiff was unable to work in 2007-2008, the Court finds that the ALJ properly discounted this opinion. The ALJ pointed out that Dr. Green did not start treating Plaintiff until 2012, and that medical evidence dated in February of 2011 failed to demonstrate the level of limitation expressed by Dr. Green in his 2014 letter. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### E. Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment that precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

In this case, the ALJ relied upon the testimony of a vocational expert who discussed the mental and physical requirements of Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work as a roller machine operator as actually performed by Plaintiff, and a telephone sales representative as actually and generally performed in the national economy during the time period in question.

## IV. **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 6th day of June 2017.

                                          /s/ *Erin L. Wiedemann*
                                        HON. ERIN L. WIEDEMANN
                                        UNITED STATES MAGISTRATE JUDGE